*Counsel for Plaintiff:*
Lawrence A. Fuller, Esq.
FULLER, FULLER & ASSOCIATES, P.A.
Counsel for Plaintiff
12000 Biscayne Boulevard, Suite 502
North Miami, FL 33181
(305) 891-5199
lfuller@fullerfuller.com
and
M. J. Stephen Fox, Esq. (P32456)
FOX & ASSOCIATES
2536 Red Clover Drive SE
Ada, MI  49301
(616) 676-4300
foxlawfirm@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MARIA GALLAGHER, Individually,

   Plaintiff,

vs.            Case No.

JPVINCHHI HOSPITALITY, INC. d/b/a
RAMADA BY WYNDHAM SAGINAW
HOTEL & SUITES,

   Defendant.

_____

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, MARIA GALLAGHER, Individually, on hers behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"),

hereby sues the Defendant, JPVINCHHI HOSPITALITY, INC. d/b/a RAMADA BY WYNDHAM SAGINAW HOTEL & SUITES (sometimes referred to as "Defendant"), for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Maria Gallagher, is an individual residing in West Palm Beach, Florida.

2. Defendant's property, The Ramada Saginaw, a hotel, is located at 3325 Davenport Avenue, Saginaw, MI 48602, in Saginaw County.

3. Venue is properly located in the Eastern District of Michigan because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Maria Gallagher is a resident of West Palm Beach, Florida, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Because of the condition of her hip, chronic night trochanteric bursitis, she gets around when going short distances by the use of a walker or a cane; while going

longer distances, she ambulates with the use of a wheelchair. The Plaintiff has personally encountered architectural barriers at the subject property, which barriers are enumerated herein.

6. Plaintiff Maria Gallagher was raised in the Saginaw, Michigan area and six of her siblings still reside in Saginaw and surrounding cities, along with the Plaintiff's grandchildren. Ms. Gallagher travels to Saginaw from her home in West Palm Beach, Florida, two or three times a year to visit with relatives and enjoy the area.

7. Maria Gallagher has visited the property which forms the basis of this lawsuit from June 2 through June 3, 2020, and has reservations to return to the property with her husband on April 17, 2021, to celebrate their 44th wedding anniversary with family and friends, and to avail herself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered hers safety.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the

Defendant owns, operates, leases or leases to is known as The Ramada Saginaw, and is located at 3325 Davenport Avenue, Saginaw, MI 48602.

9. Maria Gallagher has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Maria Gallagher desires to visit The Ramada Saginaw, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10

4

or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of The Ramada Saginaw has shown that violations exist. These violations, which were encountered or observed by Plaintiff, and which were verified by an ADA expert, include but are not limited to:

### Accessible Routes

a. There is no marked access aisle adjacent to the vehicle pull-up space of the passenger loading zone making it difficult for the plaintiff to safely traverse to the lobby entrance, in violation of sections 503.3 and 503.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### Common Area

b. The service counter exceeds the maximum height allowance of 36 inches and does not provide a lowered section of the counter as required making it difficult for the plaintiff to utilize, in violation of section 904.4 in the 2010 ADA Standards, whose resolution is readily achievable.

c. The table in the lobby area does not provide compliant knee and toe clearance as required making it difficult for the plaintiff to sit at the table, in violation of sections 306.2 and 306.3 in the 2010 ADA Standards, whose resolution is readily achievable.

### Breakfast Area

d. The trash receptacle is obstructing the knee and toe clearance under the counter for an approach to the coffee dispenser machine making it difficult for the plaintiff to utilize, in violation of sections 306.2 and 306.3 in the 2010 ADA Standards, whose resolution is readily achievable.

### Common Area-Women's Restroom

e. The trash receptacle obstructs the knee and toe clearance under the lavatory making it difficult for the plaintiff to utilize it, in violation of sections 306.2, 306.3 and 606.2 in the 2010 ADA Standards, whose resolution is readily achievable.

5

  f. The plaintiff had to use caution when utilizing the lavatory due to the drain pipe and water lines being exposed, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

  g. The trash receptacle obstructs the clear floor space for a forward to the soap dispenser making it difficult for the plaintiff to utilize it, in violation of sections 305.3, 305.5, and 606.2 in the 2010 ADA Standards, whose resolution is readily achievable.

  h. The toilet paper dispenser is not in the compliant location of a minimum 7 inches and maximum 9 inches from the front of the toilet to the center line of the toilet paper as required making it difficult for the plaintiff to utilize, in violation of section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

  i. The restroom pull door does not provide 18 inches of latch side maneuvering clearance as required making it difficult for the plaintiff to operate the door, in violation of section 404.2.4.1 in the 2010 ADA Standards, whose resolution is readily achievable.

**Rainmakers Bar & Grill**

  j. The tables do not provide compliant knee and toe clearance as required making it difficult for the plaintiff to sit at the tables, in violation of section 306.2 and 306.3 in the 2010 ADA Standards, whose resolution is readily achievable.

  k. The bar counter exceeds the maximum height allowance of 36 inches above the ground to the top of the counter making it difficult for the plaintiff to utilize, in violation of section 902.3 in the 2010 ADA Standards, whose resolution is readily achievable.

  l. Rainmakers does not provide at least 5% of compliant seating spaces as required making it difficult for the plaintiff to find seating, in violation of sections 226.1 and 226.2 in the 2010 ADA Standards, whose resolution is readily achievable.

### Guest Room 110

  m. The plaintiff had difficulty utilizing the the peep hole due to it exceeding the maximum hieght allowance of 48 inches from the finished floor to the operable mechanism, in violation of section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

  n. The knobs and handles for the drawers require tight grasping and pinching of the wrist making it difficult for the plaintiff to operate, in violation of section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

  o. The curtain rod required tight grasping and pinching of the wrist making it difficult for the plaintiff to operate, in violation of section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

  p. The desk and bed are obstructing the 36 inches of clear width making it difficult for the plaintiff to traverse the accessible route to the air conditioning unit, in violation of section 403.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

  q. Both beds are obstructing the 36 inches of clear width making it difficult for the plaintiff to utilize the lamps and night stand, in violation of section 403.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

  r. The shower control requires tight grasping and twisting of the wrist to operate making it difficult for the plaintiff to operate, in violation of sections 309.4 and 606.4 in the 2010 ADA Standard, whose resolution is readily achievable.

  s. The plaintiff had difficulty using the the hair dryer due to it exceeding the maximum hieght allowance of 48 inches from the finished floor to the operable mechanism, in violation of section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

  t. The shower controls are not in the compliant location making it difficult for the plaintiff to operate, in violation of section 608.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

u. The shower does not provide a hand held shower spray unit that has an on/of control with a non-positive shut-off making it difficult for the plaintiff to utilize, in violation of section 608.6 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The grab bars in the shower are not in the compliant locations on the wall making it difficult for the plaintiff to transfer from the chair into the bathtub, in violation of section 608.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

w. The 60 inch clearance perpendicular from the side wall is obstructed by the table making it difficulty for the plaintiff to utilize the water closet, in violation of section 604.3.1 in the 2010 ADA Stnadards, whose resolution is readily achievable.

x. The phone in the restroom does not provide at least 12 inches minimum of spacing above the side wall grab bar, making it difficult for the plaintiff to use the grab bar, in violation of section 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

y. The lavatory clear floor space is obstructed by the trash receptacle making it difficult for the plaintiff to utilize, in violation of sections 305.3, 305.5 and 606.2 in the 2010 ADA Standards, whose resolution is readily achievable.

z. The plaintiff had to exercise caution when using the lavatory due to the drain pipe insulation in need of maintenance, in violation of section 36.211 in the CFR, whose resolution is readily achievable.

aa. The American's with Disability Act of 1990 prohibits discrimination on the basis of disability by public accommodations and commercial facilities to be signed, constructed and altered in compliance with the Accessibility Standards established in the Act. This facility does not meet with all of these Standards, whose remedy is readily achievable.

bb. The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of section 224.2 of the Standards.

    cc. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

12. All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice

13. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's

place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. Defendant has discriminated against the individual and corporate Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

16. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of

public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs

and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 .

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Ramada Saginaw to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities,

privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: _____, 2020

Respectfully submitted,

*/s/ M. J. Stephen Fox*
M. J. Stephen Fox, Esq. (P32456)
FOX & ASSOCIATES
2536 Red Clover Drive SE
Ada, MI  49301
(616) 676-4300
foxlawfirm@aol.com
and
Lawrence A. Fuller, Esq.
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

*Attorneys for Plaintiff*